## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

JUAN C. SANCHEZ-GARCIA,      )
              )
       **Petitioner,**      )
              )      **CIVIL ACTION**
**v.**               )
              )      **No. 07-2093-CM**
              )      **No. 03-20170-CM**
UNITED STATES OF AMERICA,    )
              )
       **Respondent.**      )
_____)

## MEMORANDUM AND ORDER

On April 1, 2004, a federal grand jury charged petitioner, Juan C. Sanchez-Garcia, in a five-count Superseding Indictment with: (1) intent to distribute methamphetamine, in violation of 21 U.S.C. § 841(b)(1)(B); (2) use of a firearm during and in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A); (3) being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2); (4) being an illegal alien in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(5) and 924(a)(2); and (5) illegal reentry after deportation for an aggravated felony, in violation of 8 U.S.C. § 1326(a) and (b)(2).

Petitioner pleaded guilty to the illegal reentry charge on August 2, 2004. On August 5, 2004, a jury convicted petitioner on the remaining four counts. After his trial, petitioner filed a motion for new trial and for judgment of acquittal notwithstanding the verdicts. The court denied these motions and sentenced petitioner to 152 months.

Sanchez-Garcia appealed his conviction and sentence.  The Tenth Circuit Court of Appeals affirmed both petitioner's conviction and his sentence.  *United States v. Sanchez-Garcia*, 150 Fed. App'x 909 (10th Cir. 2005).  The Supreme Court denied petitioner's subsequent petition for certiorari.

On February 20, 2007, petitioner filed a *pro se* petition under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence.  Petitioner raised the following issues: (1) because there was insufficient evidence to support his conviction under Counts 1 through 4 of the indictment, the court violated petitioner's right to due process of law; (2) because he was not engaged in drug trafficking, there was insufficient evidence to support petitioner's 18 U.S.C. § 924(c) conviction; (3) the trial court erred in admitting the testimony of Kansas Highway Patrol Master Trooper C. W. Kimball; and (4) petitioner received ineffective assistance of counsel.

## I.    Issues Raised on Appeal

Petitioner cannot employ a 28 U.S.C. § 2255 motion to reassert questions raised and addressed both by the trial and appellate courts.  *United States v. Nolan*, 571 F.2d 528, 530 (10th Cir. 1978).  As pointed out by the government, all issues raised in petitioner's 28 U.S.C. § 2255 motion, with the exception of petitioner's ineffective assistance of counsel claim, were raised and addressed on appeal.  *See generally Sanchez-Garcia*, 150 Fed. App'x 909.  Petitioner acknowledges in his 28 U.S.C. § 2255 motion that the issues presently before the court were addressed on appeal, although he presented slightly different arguments on appeal in support of two of the issues.  For example, on appeal petitioner argued that the court erred when it admitted the testimony of Trooper Kimball as an expert witness because Trooper Kimball lacked expertise about how much methamphetamine constituted a user quantity.  Here, he argues that the court erred in admitting the testimony of

Trooper Kimball because Trooper Kimball lacked knowledge regarding how much methamphetamine an addict would use.  On appeal, petitioner argued that there was no nexus between the drugs and firearms.  Here, he argues that because he possessed the drugs for personal use only, he was not engaged in the commission of a drug trafficking crime under § 924(c).  Petitioner's present argument regarding Trooper Kimball is substantively the same argument that he made on appeal.  The Tenth Circuit held that Trooper Kimball properly testified as an expert.  Likewise, his argument regarding personal use is subsumed by his general argument on appeal that there was insufficient evidence to support his convictions.

Petitioner's "new" arguments fail because they fall within the issues raised on appeal.  Petitioner has not identified any special circumstance that would allow the court to consider the issues raised in his 28 U.S.C. § 2255 motion; therefore, petitioner cannot collaterally attack the prior decisions of the court or of the Tenth Circuit.  *United States v. Prichard*, 875 F.2d 789, 791 (10th Cir. 1989); *Barton v. United States*, 791 F.2d 265, 267 (2nd Cir. 1986) (stating that absent special circumstances, a 28 U.S.C. § 2255 motion cannot be used as a means to relitigate questions raised and considered by the trial court and on appeal).  Because he is procedurally barred from raising these issues, the court finds petitioner is not entitled to relief.

Although the government noted in its brief that petitioner's issues were the same ones he raised on appeal, the government proceeded to analyze each of them.  The court finds that analysis of each issue is unnecessary, but will touch briefly on two arguments raised by petitioner.

First, in his narrative description of Ground One for relief, petitioner mentions that he did not receive a trial by a jury of his peers, as there were no Hispanic jurors selected to sit on his case.  He did not raise this issue on appeal.  Petitioner's statement is conclusory, and he has not offered any

evidence in support of his assertion.  Conclusory allegations are insufficient to state a claim for relief.  *See Hatch v. Okla.*, 58 F.3d 1447, 1457, 1471 (10th Cir. 1995), *overruled on other grounds by Daniels v. United States*, 254 F.3d 1180, 1188 n.1 (10th Cir. 2001).

Second, to the extent that petitioner raises a new issue with his argument that the § 924(c) charge failed because the drugs were only for personal use, not distribution, the argument is unavailing.[1]  The government presented ample evidence at trial, including the testimony of Trooper Kimball, Trooper Sean Morgan, and Officer Brian Hampton, to support a finding that the drugs were for distribution.  Moreover, the close proximity of the firearms to the drugs suggested that the drugs were for distribution, as did the location of the drugs in the car.  The court finds that petitioner was not denied due process as a result of his § 924(c) conviction.

## II.    Ineffective Assistance of Counsel

Petitioner asserts his counsel failed to object to statements made by the prosecutor during the course of his trial resulting in prejudice to the petitioner.  Petitioner must prove his counsel did not "exercise the skill, judgment and diligence of a reasonably competent defense attorney."  *United States v. Rantz*, 862 F.2d 808, 810 (10th Cir. 1988) (internal citation omitted).  Because there is a strong presumption that counsel provided reasonable and effective assistance of counsel, petitioner must prove that his counsel's performance fell below an "objective standard of reasonableness."  *United States v. Rio-Garcia*, Nos. 02-201040-KHV and 05-3225-KHV, 2005 WL 3845345, at *5 (D.

---

[1]  The court suspects that at its heart, this issue is a nonconstitutional issue that should have been raised on direct appeal.  *See Unites States v. Gattas*, 862 F.2d 1432, 1435 (10th Cir. 1988) ("[T]he failure by a defendant to raise a nonconstitutional issue on direct appeal when he was able to do so ordinarily will bar collateral review of that issue under Section 2255.").  However, in the interest of judicial efficiency, the court will not raise the procedural bar *sua sponte*, and will address the issue on its merits.  *See United States v. Anderson*, 189 Fed. App'x 799, 801 (10th Cir. 2006).

Kan. Dec. 8, 2005).

**A.    Legal Standard**

The court applies the standard identified in *Strickland v. Washington*, 466 U.S. 668 (1984),

when determining whether a habeas petitioner's counsel provided ineffective assistance.  *See*

*Romano v. Gibson*, 278 F.3d 1145, 1151 (10th Cir. 2002) (applying *Strickland*).  Under *Strickland*, a

petitioner bears the burden of satisfying a two-pronged test in order to prevail.  First, he must show

that his attorney's "performance was deficient" and "fell below an objective standard of

reasonableness."  *Strickland*, 466 U.S. at 687–88.  The court affords considerable deference to an

attorney's strategic decisions and "recognize[s] that counsel is strongly presumed to have rendered

adequate assistance and made all significant decisions in the exercise of reasonable professional

judgment."  *Id.* at 690.  Second, a habeas petitioner must demonstrate prejudice, which requires a

showing that there is "a reasonable probability that, but for counsel's unprofessional errors, the

result of the proceeding would have been different."  *Id.* at 694.  "A reasonable probability is a

probability sufficient to undermine confidence in the outcome."  *Id.*  "[T]here is no reason for a court

deciding an ineffective assistance claim to . . . address both components of the inquiry if the

[petitioner] makes an insufficient showing on one. . . .  If it is easier to dispose of an ineffectiveness

claim on the ground of lack of sufficient prejudice . . . that course should be followed."  *Id.* at 697.

**B.    Trial Tactics**

The Tenth Circuit Court of Appeals found that petitioner's counsel's failure to object to the

prosecutor's statement that the petitioner "doesn't get the benefit of the doubt" did not amount to

plain error.  *See generally Sanchez-Garcia*, 150 Fed. App'x 909.  The reasonableness of counsel's

performance is to be evaluated from counsel's perspective at the time of the alleged error and in

light of all the circumstances, and the standard of review is highly deferential. *United States v. Lewis*, Nos. 97-3135-SAC and 91-10047-01-SAC, 1998 WL 1054227, at *2 (D. Kan. Dec. 9, 1998) (citing *Kimmelman v. Morrison,* 477 U.S. 365, 381 (1986)).  Petitioner's counsel provided a rational explanation for the failure to object; petitioner's counsel did not want to draw even more attention to the statement in light of the court's rulings on the two earlier objections made by counsel.  The court finds that counsel's trial strategy did not fall below an objective standard of reasonableness.

Even if defense counsel erred in her trial tactics, strategy, or policy, those mistakes do not necessarily constitute a deprivation of effective assistance of counsel.  *Nolan*, 571 F.2d at 534 (10th Cir. 1978).  The court will grant relief only if the issues raised by petitioner involve a "fundamental defect" causing a "complete miscarriage of justice."  *Davis v. United States*, 417 U.S. 333, 346 (1974).  It is petitioner's duty to prove prejudice, and he has failed to do so.  *Rantz*, 862 F.2d at 811.  Because petitioner has provided no evidence regarding the prejudicial nature of his counsel's performance, the court finds that he has failed to meet his burden of proof and is not entitled to relief.

## III.   Conclusion

None of petitioner's arguments demonstrate that he is entitled to relief; petitioner's claims addressed on appeal are procedurally barred from being reasserted and petitioner failed to prove his claim of ineffective assistance of counsel.  No evidentiary hearing is required because information in the files and record conclusively shows that petitioner is not entitled to relief.  *See United States v. Marr*, 856 F.2d 1471, 1472 (10th Cir. 1998) (holding that no hearing is required where factual matters raised by a § 2255 petition may be resolved on the record).

**IT IS THEREFORE ORDERED** that the Motion Pursuant to 28 U.S.C. § 2255 to Vacate,

Set Aside, or Correct Sentence By a Person in Federal Custody (Doc. 101) is denied.

Dated this 13th  day of July 2007, at Kansas City, Kansas.

**s/ Carlos Murguia**
**CARLOS MURGUIA**
**United States District Judge**